RENDERED:  OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0025-MR

ROBERT GARDINER                                                            APPELLANT

APPEAL FROM LARUE CIRCUIT COURT
v.       HONORABLE CHARLES C. SIMMS, III, JUDGE
ACTION NO. 20-CR-00006

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND GOODWINE, JUDGES.

COMBS, JUDGE:  Appellant, Robert Gardiner, appeals from an order of the Larue

Circuit Court revoking his probation.

Gardiner was indicted on charges of attempted rape in the first degree

and attempted incest involving his stepdaughter, who was under 18 years of age.

On July 16, 2021, Gardiner entered a guilty plea to an amended charge of unlawful

transaction with a minor in the first degree.  The incest charge was dismissed.

On September 20, 2021, the trial court sentenced Gardiner to five-years' incarceration, probated for five years, ordered that he complete the Sex Offender Treatment Program (SOTP), and that he register as a sex offender.

On October 14, 2021, Gardiner's probation officer, Cory Mabe, filed a violation of supervision report in the Larue Circuit Court. Officer Mabe explained that on October 1, 2021, Gardiner had met with Officer Samantha Bright for his initial set up. On October 12, 2021, Officer Mabe accepted Gardiner's transfer request due to his living in Hardin County, and they met at the Elizabethtown Probation and Parole Office.

Officer Mabe stated that Gardiner had violated provisions of the Supplemental Conditions of Supervision for Sex Offenders and Computer User Agreement for Sex Offenders, which he had signed on October 1, 2021, as set forth therein. Officer Mabe explained that a search of Gardiner's phone[1] revealed that he had been viewing pornographic websites since signing conditions twelve days earlier on October 1, 2021. Significantly, the "listed videos viewed" on one of the websites had titles similar in nature to Gardiner's crime -- videos concerning sexual misconduct among "step" relatives. This detail was particularly noteworthy because Gardiner's stepdaughter was the victim in his case. Officer Mabe further

---

[1] Officer Mabe noted in his report that Gardiner had voluntarily consented to the search of his phone by signing the Supplemental Conditions of Supervision for Sex Offenders and Computer User Agreement for Sex Offenders on October 1, 2021.

noted that during their office visit, "Gardiner stated that he only pled guilty to avoid going to jail in the hopes of getting custody of his son." Because he never really acknowledged his guilt, Officer Mabe predicted that "Mr. Gardiner['s] maintaining his innocence will inevitably cause him to fail in Sex Offender Treatment Program."

The trial court conducted a hearing on December 6, 2021. Gardiner was present and was represented by retained counsel. Officer Mabe was the only witness and he testified along the lines of his report. On December 8, 2021, the trial court entered a detailed revocation order as follows:

> On October 1, 2021, Probation Officer Samantha Bright reviewed with Gardiner the standard conditions of probation for sex offenders. Those conditions included the following:
>
> Condition No. 3 -- I shall have no contact, direct or indirect, with the victim(s) or victim's family except as approved by my Probation and Parole Officer. I am prohibited from possession or viewing certain materials related to, or part of, the grooming cycle for his/her crime. Such materials include, but are not limited to, the following: images of your victim, stories or images related to your crime or similar crimes, images which depict individuals similar to your crimes. Stories written about or for individuals similar to your victim, materials focused on the culture of your victim (e.g. children's shows or web sites).
>
> Condition No. 10 -- I will not purchase, possess, or knowingly view any material that depicts partial or complete nudity including

pornographic or sexually explicit written, printed, photographed, recorded materials, electronic software, cable station nor frequent any business where pornographic materials are openly exhibited, including, but not limited to: adult bookstores, adult theaters, nude or strip bars/clubs, prostitution activity, sexual devices or aids.

. . . .

By way of background, Gardiner's stepdaughter is the victim on his conviction to first-degree unlawful transaction with a minor. Mabe testified that numerous pornographic websites were viewed **after** Gardiner signed his conditions on October 1, 2021, including titles related to stepchildren. Based upon Gardiner accessing and viewing these websites, he has obviously failed to comply with the requirements and requests of Probation [and] Parole.

Pursuant to KRS[2] 439.3106(1), this Court finds that Gardiner . . . has been convicted of first-degree unlawful transaction with his minor stepdaughter. In addition, almost immediately after Gardiner signed the conditions of probation which included a prohibition from viewing images of "similar crimes," Gardiner's cellular telephone revealed a recent history of accessing and viewing materials like "step dad fucks stepdaughter."

Pursuant to KRS 439.3106(1),[3] this Court next finds that Gardiner cannot be appropriately managed in the community. As grounds, Gardiner is required to complete sex offender treatment. However, with Gardiner now denying the commission of first-degree unlawful transaction with a minor, this Court is well-

---

[2] Kentucky Revised Statutes.

[3] Now codified as KRS 439.3106(1)(a).

-4-

aware that Gardiner will be unable to successfully complete the Kentucky Sex Offender Program.

Pursuant to KRS 439.3106(2),[4] this Court must consider "sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community. This Court has specifically considered sanctions other than revocation and incarceration, but those sanctions appear to be futile based upon Gardiner's infatuation with stepchildren, his compulsion to view pornographic material related to stepchildren, and his present inability to complete sex offender treatment due to his refusal to admit guilt.

(Emphasis original.) The trial court revoked Gardiner's probation and ordered him to serve his five-year sentence pursuant to the judgment of final conviction entered on September 22, 2021.

Gardiner now appeals, contending that the trial court abused its discretion when it failed to invoke graduated sanctions and instead revoked his probation.

KRS 439.3106(1) provides in relevant part that:

Supervised individuals shall be subject to:

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large,

---

[4] Now codified as KRS 439.3106(1)(b).

and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

As our Supreme Court reiterated in *Commonwealth v. Gilmore*, 587 S.W.3d 627, 629 (Ky. 2019):

> The first step in analyzing a probation revocation claim is to determine whether the trial court properly considered KRS 439.3106(1) before revoking the defendant's probation. *Andrews*,[5] 448 S.W.3d at 780. If the trial court considered the statute, we then review whether its decision to revoke probation was an abuse of discretion. *Id.* Accordingly, "we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

Gardiner contends that the trial court improperly concluded that he could not be appropriately managed in the community based upon speculation: *i.e.*, that Gardiner would ultimately refuse to complete the SOTP program in light of his statement to Officer Mabe that he only pled guilty to avoid incarceration. Gardiner further contends that there were available options for managing him in

---

[5] *Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky. 2014).

the community -- such as computer monitoring -- that would prevent him from accessing pornography.

However, the trial court carefully considered KRS 439.3106(1) before revoking Gardiner's probation. Gardiner violated the terms of his probation "almost immediately." As the Commonwealth asserts -- and we agree -- regardless of whether or not Gardiner could complete the SOTP due to his denial of guilt, his behavior posed a risk both to his victim and to the community. It is clear that the trial court did not believe Gardiner could be appropriately managed in the community. Indeed, the trial court believed that sanctions other than revocation and incarceration would be "futile" due to Gardiner's infatuation with stepchildren and "his compulsion to view pornographic material related to stepchildren" in addition to any present inability to complete sex offender treatment due to his refusal to admit guilt. We find no abuse of discretion.

We affirm the revocation order of the Larue Circuit Court entered on December 8, 2021.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Erin Hoffman Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky